UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

GARNELL JORDAN,                                :

                        Plaintiff,      :

      - against -

                              :

THE CITY OF NEW YORK;
NEW YORK CITY POLICE DEPARTMENT;      :
POLICE OFFICER COURTNEY ALLEN,
SH# 17212, 28 P.C.T.; POLICE OFFICER      :
CATHERINE MELENDEZ, SH# 8059, 28 P.C.T.;
POLICE OFFICER JOSEPH CARRASCO,      :
SH# 20350, 28 P.C.T.; POLICE OFFICER
FRANCIS ZITO, SH# 022, 28 P.C.T.; SARGEANT :
FLAVIO RODRIGUEZ, SH# 806, 28 P.C.T.
in their individual and official capacities,      :

               Defendants.      :

--------------------------------------------------------------X

VERIFIED COMPLAINT AND JURY DEMAND

NOV 09 2010

U.S.D.C. S.D. N.Y.

COMPLETED

      Plaintiff GARNELL JORDAN, by his attorney, Patrick J. Brackley alleges as follows for this complaint:

### PRELIMINARY STATEMENT

      1. This is a civil action to redress the deprivation, under color of state law, of plaintiff's rights, privileges, and immunities under the United States and New York State Constitutions, including, without limitation, deprivation of his state and federal rights to a fair trial, due process of law, equal protection, and freedom from unreasonable and unlawful excessive use of force.

      2. This civil rights action is grounded upon defendants wrongful and improper acts, primarily including, without limitation: excessive use of physical force against plaintiff; related deceit and dishonesty; suppression and concealment of exculpatory evidence and related cover-up; physical and emotional distress; negligent hiring, training, instruction, discipline and retention of police officers, in regard to their constitutional and statutory obligations and responsibilities in conducting

criminal investigations, making arrests, and pursuing prosecutions; and deliberate indifference to the need to establish and implement policies and procedures to protect persons from being wrongfully and unconstitutionally and unlawfully subjected to excessive use of force and false arrest and imprisonment causing physical and emotional injuries of a permanent nature.

JURISDICTION

3. It is alleged that the individual police officer defendants made an unreasonable seizure of the person of GARNELL JORDAN, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and that these defendants assaulted and battered GARNELL JORDAN. It is further alleged that these violations and torts were committed as a result of policies and customs of the City of New York.

This action is brought pursuant to 42 U.S.C. §§ 1983, 1985(3), 1986, 1988, the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, Article 1, §§ 1, 6, 11 and 12 of the Constitution of the State of New York, and the statutory and common law of the State of New York. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the supplemental jurisdiction of the Court to hear and decide claims arising under state law.

PARTIES AND RELATED PERSONS

4. Plaintiff GARNELL JORDAN is a black male citizen of the United States of America. At all relevant times, he was and is currently domiciled in the County of New York, City and State of New York.

5. Defendant City of New York ("City") is and was, at all times mentioned, a municipal corporation organized according to the laws of the State of New York.

6. The New York City Police Department ("NYPD") is an agency of defendant City charged with the mission to "enhance the quality of life in [New York City] by working in accordance

-2-

with constitutional rights to enforce the laws▮''.

7. Defendant Police Officer Courtney Allen, shield No. 17212 was, at all relevant times, a City police officer assigned to the NYPD. She is being sued in her individual and official capacities.

8. Defendant Police Officer Catherine Melendez, shield No. 8059 was, at all relevant times, a police officer assigned to the NYPD. She is being sued in her individual and official capacities.

9. Defendant Police Officer Joseph Carrasco, shield No. 20350 was, at all relevant times, a City police officer assigned to the NYPD. He is being sued in his individual and official capacities.

10. Defendant Police Officer Francis Zito, shield No. 022 was, at all relevant times, a police officer assigned to the NYPD. He is being sued in his individual and official capacities.

11. 9. Defendant Sergeant Flavio Rodriguez, shield No. 806 was, at all relevant times, a City police officer assigned to the NYPD. He is being sued in his individual and official capacities.

12. At all times relevant to the circumstances underlying this complaint, upon information and belief, all police officer defendants were assigned to the 28th Precinct, located in the County of New York, City and State of New York.

13. At all times relevant to the circumstances underlying this complaint, and in all their actions described herein, all the individual defendants were acting under color of state law as agents, servants and employees of the defendant, City of New York and under their direction and control.

## ADMINISTRATIVE PROCEEDINGS

14. On April 14, 2010, within ninety (90) days after the claims herein sued upon arose, plaintiff caused his sworn notice of claim, in proper form, to be duly served upon Defendant City.

15. Although more than thirty (30) days have elapsed since service of such notice of claim, the comptroller and Defendant City have neglected and/or refused to adjust or pay said claims.

16. This action has been commenced within one year and ninety days after the causes of action set forth herein accrued and within the three-year statute of limitations applicable to federal civil rights actions brought pursuant to 42 U.S.C. §§ 1983 and 1985(3).

### HISTORY AND PRELIMINARY STATEMENT

17. The following factual allegations, are made upon information and belief based on official police, prosecution and court documents and records.

The charges brought against plaintiff and his unjust arrest arose from his confrontation with defendants on February 4, 2010 at approximately 8:42 P.M. in front of 201 West 112 Street, New York City, New York.

### FACTUAL ALLEGATIONS

18. On evening of February 4, 2010 at approximately 8:42 P.M. in vicinity of 201 West 112 Street, New York, New York, plaintiff was unlawfully and unreasonably confronted and accosted and assaulted and battered by the aforementioned police officers who were employed by the defendant, City of New York.

19. The defendant police officers while acting individually and in concert with each other exposed plaintiff to unreasonable, abusive and unlawful use of excessive force while acting under color of law. Plaintiff was continuously struck by defendants using hands, fists, feet and a hard object about his head, face, back and body. This assault and battery and use of excessive force caused plaintiff serious physical injury including, but not limited to facial disfigurement, and loss of sight in his left eye. These injuries are of a permanent nature.

20. Furthermore, supervising officer, defendant Sergeant Flavio Rodriguez was present and failed to intervene in

said assault and acted with other defendant police officers in an attempt to conceal their illegal and unlawful conduct.

21. Although plaintiff was seriously injured, he was not offered immediate medical attention. He was not transported to a medical facility or hospital but rather to a police station where it was believed his injuries could be concealed. When it became apparent that plaintiff was losing the sight in his left eye, he was then transported to Harlem Hospital. Plaintiff was arrested on a felony charge of violation of P.L. §215.40. This unfounded charge was dismissed but he was charged with violation of P.L. §220.03 (Criminal Possession of a Controlled Substance in the Seventh Degree) and P.L. §205.30 (resisting arrest). There was no legal basis for the charges which resulted in the plaintiffs unlawful imprisonment. Said charges were dismissed on or about September 10, 2010 by order of a judge of the criminal court of the county of New York.

## LIABILITY OF INDIVIDUAL DEFENDANTS

22. At all relevant times and at the time of all of their actions described in this complaint, the individual defendants were acting under color of state law as agents, servants and employees of the City of New York and under the City's supervision, direction and control.

23. The individual defendants, in committing the acts and omissions to act described above, were, in addition to all other allegations related above, deliberately indifferent to and in reckless disregard of all the plaintiff's rights, and said acts and omissions to act caused actual injury to plaintiff, including but not limited to loss of eyesight in left eye.

24. The individual defendants, in committing the aforesaid acts, were concurrently acting as joint tortfeasors.

25. At all times described above, the individual defendants were engaged in a joint venture, assisting each other in performing the various actions described and lending their support and the authority of their office to each other.

26. As a direct and proximate result of the acts, and

omissions to act described above, the individual defendants subjected plaintiff to and unconstitutional arrest and imprisonment; malicious prosecution; deprivation of federal and state constitutional, statutory and common law rights; emotional distress and mental anguish; physical injury and pain and suffering; interference with intimate relationships; embarrassment; humiliation; indignity; degradation; loss of employment opportunities and related income; and disfigurement; loss of left eye and impairment of sight to the remaining eye; he was and is subjected to medical are including surgery.

## LIABILITY OF DEFENDANT CITY OF NEW YORK

27. Upon information and belief, all of the acts by the individual defendants and the related persons were carried out with full direct and/or constructive knowledge, consent, and cooperation and under the supervisory authority of defendant City of New York.

28. Upon information and belief, the City of New York by their policy-making agents, servants and employees, authorized, sanctioned and/or ratified the individual defendant's and the related persons' wrongful acts; and/or failed to prevent or stop those acts; and/or allowed or encouraged those acts to continue; and/or engendered and fostered a climate to allow or encourage those acts to continue.

29. Moreover, upon information and belief, the actions of the individual defendants and related persons resulted from and were taken pursuant to de facto policies and/or well-settled and widespread customs and practices of defendant City of New York, which were implemented by their police officers.

30. Upon information and belief, the existence of such de facto policies and/or well-settled and widespread customs and practices were known to supervisory and policy-making officers and officials of the New York City Police Department and the City for a substantial period of time prior to and after February 4, 2010.

31. Upon information and belief, despite knowledge of

-6-

such illegal de facto policies, customs and practices, the
supervisory and policy-making officers and officials of the
Police Department and the City did not and have not taken
adequate steps to terminate those policies and practices; did not
and have not disciplined individuals who engage in such
practices; did not and have not properly trained police officers
with regard to the constitutional and statutory limits on the
exercise of their authority; but have instead sanctioned,
ratified, allowed and/or acquiesced in those unlawful policies,
customs and practices through their deliberate indifference to or
negligent disregard of the effect of those policies, customs and
practices upon the constitutional rights of persons in the City
of New York.

    32. Among the unlawful policies, customs and practices
sanctioned, ratified, allowed and/or acquiesced in by defendant
City was a repeated and knowing failure to properly and
adequately supervise, train and discipline police officers and
other police personnel, including defendant officers, with
respect to, among other matters, dealing with exculpatory
evidence and conducting thorough and competent investigations, by
repeatedly and knowingly failing to promulgate and enforce rules
and regulations of the New York Police Department in a matter
consistent with due process, and in compliance with the
requirements of the constitutions and laws of the State of New
York and the United States.

    33. Upon information and belief, these unlawful
policies, customs and practices reflect the deliberate
indifference of defendant City to the constitutional rights of
citizens of New York City as said defendant knew or should have
known that the acts alleged herein would deprive such citizens,
including plaintiff, of rights without due process of law, in
violation of the Fourth, Fifth, Sixth and Fourteenth Amendments
to the United States Constitution and Article 1, §§ 1, 6, 11 and
12 of the New York State Constitution, as well as to federal and
state common law and state statutes, including, without
limitation, such rights as plaintiff's rights, privileges and

-7-

immunities to be free form excessive use of physical force;
cover-up, suppression and concealment of exculpatory evidence;
intentional infliction of emotional distress; negligent
infliction of emotional distress; negligence in hiring,
supervising, training, disciplining or retraining police officers
and other City employees and agents, and negligence in the
training, instruction and disciplining of police officers and
other City employees and agents.

As and for a First cause of action alleging violation of 42
U.S.C. § 1983 against police officers Courtney Allen, SH# 17212;
Catherine Melendez, SH# 8059; Joseph Carrasco, SH# 20350; Francis
Zito, SH# 022; Sargeant Flavio Rodriguez, SH# 806.

34. Paragraphs 1 through 33 are incorporated herein by
reference as is set further fully herein.
35. Plaintiff GARNELL JORDAN claims damages for
injuries set forth above under U.S.C. § 1983 against defendant
police officers Courtney Allen, SH# 17212; Catherine Melendez,
SH# 8059; Joseph Carrasco, SH# 20350; Francis Zito, SH# 022;
Sargeant Flavio Rodriguez, SH# 806 for violation of his
constitutional rights under color of law by use of illegal and
unlawful assault and battery and excessive use of force and
neglect. Said defendants were acting in concert and each aiding
and abetting each other.

As And For a Second Cause Of Action against the City of
New York and the Police Department of the City of New York for
violation of 42 U.S.C. § 1983 with respect to plaintiff GARNELL
JORDAN.

36. Plaintiff GARNELL JORDAN re-alleges each and every
allegation set forth in paragraphs 1 through 35 as is set forth
fully herein.

37. Prior to February 4, 2010, the City of New York developed and maintained policies of customs exhibiting deliberate indifference to the constitutional rights of persons in New York City, which caused the violation of GARNELL JORDAN's rights.

38. It was the policy and/or custom of the City of New York to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City of New York.

39. It was the policy and/or custom of the City of New York to inadequately supervise and train its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers.  The City did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

40. As a result of the above described policies and customs, police officers of the City of New York, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

41. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of New York to the constitutional rights of persons within the City, and were the cause of the violations of plaintiff's rights alleged herein.

As And For a Third Cause Of Action alleging false arrest and imprisonment of plaintiff

42. Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 41 as is alleged fully herein.

43. Defendant officers Courtney Allen, SH# 17212; Catherine Melendez, SH# 8059; Joseph Carrasco, SH# 20350; Francis

Zito, SH# 022; Sargeant Flavio Rodriguez, SH# 806 illegally arrested and illegally imprisoned defendant Garnell Jordan. Defendants acted in concert each aiding and abetting the other.

44. As a result of the false arrest and illegal imprisonment, plaintiff's suffered the damages as aforesaid.

45. Plaintiff demands a jury trial.

WHEREFORE, plaintiff GARNELL JORDAN demands the following relief against defendants, jointly and severally:

(a) Compensatory damages in an amount to be determined at trial;

(b) Punitive damages from the individual defendants in the amount to be determined at trial;

(c) Such other and further relief as this court may deem just and proper, including reasonable attorney fees and costs.

Respectfully submitted;

Patrick J. Brackley, Esq.
Attorney for Petitioner
233 Broadway, Suite 801
New York, New York 10279
Tel: (212) 334-3736
Fax: (212) 513-7068

## VERIFICATION

STATE OF NEW YORK

COUNTY OF NEW YORK

GARNELL JORDAN being duly sworn deposes as follows:

That he is the claimant herein.

That he has read the Complaint pursuant to title 42 USC1983, etc and Jury Demand, filed

in the matter and knows the contents are true, except as to those matters which are stated

to be based upon information and belief.  As to those matters he also believes them to be

true and accurate.

GARNELL JORDAN, 349 100 2410

Sworn to before me on this
7 day of October        , 2010

Notary

Marybeth Campfield
Notary Public, State of New York
No. 02CA6171492
Qualified in Queens Cty. Comm. Exp. 7/23/11

CONTINUED CAPTION

GARNELL JORDAN

CONSENT TO PROCEED BEFORE
UNITED STATES MAGISTRATE JUDGE

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GARNELL JORDAN,

                     Plaintiff(s),

            - against -

THE CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT;
See attached

                   Defendant(s).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CONSENT TO PROCEED BEFORE
UNITED STATES MAGISTRATE JUDGE**

\_\_\_\_\_ Civ. _____ (    ) (    )

IT IS HEREBY STIPULATED by the undersigned:

    1.  All parties consent, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, that a United States Magistrate Judge conduct all further proceedings in this action, including any trial and entry of final judgment.

    2.  Any appeal from a judgment entered in this case will lie to the Court of Appeals for the Second Circuit as from any other judgment of the district court pursuant to 28 U.S.C. § 636(c)(3) and Fed. R. Civ. P. 73(c).

PATRICK J. BRACKLEY, ESQ.
Attorney(s) for Plaintiff(s)
Address    233 Broadway, Suite 801, NY, NY 10279
Telephone   212.334.3736

MICHAEL CARDOZO, ESQ.
Attorney(s) for Defendant(s)
Address   100 Church Street, NY, NY 10007
Telephone 212.736.9880

Attorney(s) for _____
Address
Telephone

Attorney(s) for _____
Address
Telephone

(Separately executed forms may be submitted.  See Fed. R. Civ. P. 73(b).)

SO ORDERED.

---

U.S.D.J.

J. MICHAEL McMAHON

CLERK OF COURT

**UNITED STATES DISTRICT COURT**

SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET, NEW YORK, NY 10007
300 QUARROPAS STREET, WHITE PLAINS, NY 10601

WWW.NYSD.USCOURTS.GOV

# Electronic Case Filing Rules & Instructions

**August 1, 2008 Edition**

## IMPORTANT INFORMATION FOR NEW CASES

A party filing a new civil case assigned to the Electronic Case Filing (ECF) system must do the following after obtaining a civil case number:

(1) E-mail a pdf copy of the case initiating documents to the Clerk's Office within 24 hours of delivering the paper documents to the Court; and

(2) Serve each party to the action with the initiating documents and a copy of:

    (a) SDNY Electronic Case Filing Rules & Instructions (attached); and

    (b) The assigned Judge's Individual Practices.

For complete instructions and e-mail addresses see Section 14 - Opening a Civil Action.

# Introduction

The United States District Court for the Southern District of New York implemented an Electronic Case Filing (ECF) system in December 2003. Electronic versions of documents filed by attorneys over the Internet have largely replaced paper documents in the Court's files. Almost all new civil and criminal cases filed in this Court after December 2, 2003 are Electronic Case Filing (ECF) cases. Cases filed before December 2, 2003, Pro se cases (unless the pro se litigant is a member of the bar), Social Security cases and habeas corpus cases however are not ECF cases and must be filed on paper. The information in this document applies only to cases assigned to the ECF system.

Electronic Case Filing has several advantages for both the attorney and the Court:

- Twenty-four hour concurrent access to case files from any location over the Internet

- Remote document filing from any Internet connection worldwide

- Secure access to the ECF system via unique user password

- Immediate e-mail notification of case activity to parties and the Court

- Storage of documents in a reliable and secure electronic format

In addition to the Federal Rules of Civil and Criminal Procedure, the following govern Electronic Case Filing in this District (available at www.nysd.uscourts.gov):

- **SDNY Electronic Case Filing Rules & Instructions (this document):**

  Part I. Electronic Case Filing Rules (ECF Rules), approved by the Board of Judges of this Court, provide the broad outline of the rules of Electronic Case Filing.

  Part II. Electronic Case Filing Instructions (ECF Instructions), written by the Clerk of Court under the authority of the ECF Rules, provide step by step instructions for Electronic Case Filing.

- **The Judge's Individual Practices**

  Each Judge's Individual Practices outline their own specific filing requirements.

The Court is prepared to assist you in filing electronically in several ways:

- The SDNY Electronic Case Filing Rules & Instructions will answer many of your ECF questions.

- Training in Electronic Case Filing (ECF) is available both in person at the courthouse and on-line at www.nysd.uscourts.gov (*See section 24 - ECF Help Desk and Training*).

- ECF Help Desk operators are available by telephone to answer your electronic filing questions (*See section 24 - ECF Help Desk and Training*).